NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHA THAO MOUA, | No. 19-15047 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-01223-EPG |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

On Appeal from the United States District Court
for the Eastern District of California
Erica Grosjean, Magistrate Judge, Presiding

Submitted February 2, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.
Dissent by Chief Judge THOMAS

Cha Thao Moua appeals the district court's order affirming the

Commissioner of Social Security's denial of disability benefits. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

"We review the district court's decision *de novo* and therefore must independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

1.      Substantial evidence supports the Administrative Law Judge's ("ALJ") determination of Moua's physical residual functional capacity. Contrary to Moua's argument, the ALJ considered all the medical evidence as to Moua's physical limitations and provided specific and legitimate reasons to support his analysis. As the ALJ explained, while there was evidence that Moua had back, hip, and shoulder sprains or strains, little evidence supported the significant limitations treating physician Dr. Yang imposed. And because examining physician Dr. Rios's opinion was undermined by Moua's suboptimal effort during two key aspects of the exam, the ALJ gave his report little weight. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[W]e must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). The ALJ "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[ed] [his] interpretation thereof, and ma[de] findings" as

required.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

The ALJ did not impose his own lay medical opinion.  He was not required to reiterate the conclusions of any single medical opinion or adopt any opinion in full.  Rather, the residual functional capacity determination is an administrative, not a medical, finding.  *See* 20 C.F.R. § 404.1545; *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).  The ALJ's determination that Moua could perform medium work is supported by substantial evidence in the record.

2.     Substantial evidence supports the ALJ's determination of Moua's mental residual functional capacity.  Even assuming the ALJ erred by failing to specifically analyze the treating psychiatrist's notes and giving more weight to the opinion of non-examining state agency doctors without adequate explanation, *see Garrison*, 759 F.3d at 1012, the error was inconsequential because the ALJ found that Moua's "affective disorder" was a severe impairment, in keeping with the treating psychiatrist's major depression diagnosis.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("We may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was inconsequential to the ultimate nondisability determination." (quotation omitted)).  The same is true of any error the ALJ may have made in purportedly giving the opinion of one

examining psychiatrist, Dr. Zhang, little weight, because the ALJ ultimately accepted Dr. Zhang's diagnoses.

**AFFIRMED.**

*Moua v. Saul*; No. 19-15047

THOMAS, Chief Judge, dissenting:

I respectfully dissent. Substantial evidence does not support the Administrative Law Judge's (ALJ) Residual Functional Capacity (RFC) determination that Moua could perform medium work, including occasionally lifting up to 50 pounds. The state physicians provided the only medical opinions that supported this medium-work finding, as the treating and examining physicians found that Moua could lift no more than 10 or 20 pounds. But the ALJ did not provide specific and legitimate reasons for preferring the state physicians' opinions to the treating and examining physicians' opinions. Indeed, the ALJ expressly gave "[l]ittle weight" to the state physicians' opinions because later evidence showed impairments that the state physicians had not identified. After the ALJ's discounting of the state physicians' opinions, there is insufficient remaining evidence to support a medium-work RFC finding, and no legitimate and specific reasons for rejecting the opinions of the treating and examining physicians.

Therefore, I would reverse and remand.